**CATRON LAND COMPANY,**
**Plaintiff and Appellee,**

v.

**George KANE, Commissioner of School and Public Lands of the State of South Dakota, Defendant and Appellant.**

**No. 13248.**

Supreme Court of South Dakota.

Argued Feb. 17, 1981.

Decided April 8, 1981.

Donn Bennett of Mueller & Bennett, Belle Fourche, for plaintiff and appellee.

Judith A. Atkinson, Asst. Atty. Gen., Pierre, for defendant and appellant; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

HENDERSON, Justice.

This is a declaratory judgment action. The South Dakota Commissioner of School and Public Lands (appellant) appeals from the trial court's judgment of September 24, 1980, which declared that Catron Land Company (appellee) has the right to require appellant to erect and maintain fences between public school lands and an owner of land as per SDCL ch. 43–23.* Appellee was the owner of land in Harding County which

---

* SDCL 43–23–1 provides:
  Every owner of land shall be liable for one-half of the expense of erecting and maintaining partition fences between his own and adjoining lands.

abutted land owned by South Dakota. There was no fence separating the land owned by appellee and appellant. The facts being stipulated to by the litigants, the sole issue presented to this Court is whether the State of South Dakota is required to comply with SDCL ch. 43–23. We hold that it is not and reverse the trial court's ruling.

Initially, we are cognizant that although the Commissioner is the named defendant to this action, the State of South Dakota is the real party in interest. This is not refuted by appellee. Our holding is premised on the rationale that the state is exempt from the requirements of SDCL ch. 43–23 due to sovereign immunity. Article III, § 27 of the South Dakota Constitution states: "The Legislature shall direct by law in what manner and in what court suits may be brought against the state." An action against the state may not be maintained unless the state has given its permission to be sued. *White Eagle Oil & Refining Co. v. Gunderson*, 48 S.D. 608, 205 N.W. 614 (1925). Although the Legislature has prescribed exceptions to sovereign immunity, none exists here.

Reasoning that appellant held school lands in a trust capacity, the trial court ruled that the doctrine of sovereign immunity does not apply to the case at hand since the state is not the actual owner of the land used for public schools. We note, however, that South Dakota's Enabling Act, § 10, ch. 180, statutes at large 676, February 22, 1889, states that every 16th and 36th section of land in each township of this state "are hereby granted to [the state] for the

support of common schools[.]" Furthermore, SDCL 43–2–8 provides: "The state is the owner of all property lawfully appropriated or dedicated to its own use, and all property of which there is no owner."

Moreover, it is obvious that the trial court's ruling would necessitate the expenditure of state funds for the fencing of school and public lands. Article XI, § 9 of the South Dakota Constitution states:

All taxes levied and collected for state purposes shall be paid into the state treasury. No indebtedness shall be incurred or money expended by the state, and no warrant shall be drawn upon the state treasurer except in pursuance of an appropriation for the specific purpose first made. The legislature shall provide by suitable enactment for carrying this section into effect.

The Legislature has never authorized funds for the expenses entailed in SDCL ch. 43–23.

In light of the above authorities, we hold that the state (appellant) is exempt from the provisions of SDCL ch. 43–23.

The judgment of the trial court is reversed.

All the Justices concur.